**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROSAMAR PEREZ, | ) | |
| AS THE COLLECTIVE REPRESENTATIVE | ) | |
| UNDER FAIR LABOR STANDARDS ACT IN A | ) | |
| COLLECTIVE ACTION, and as CLASS | ) | |
| REPRESENTATIVE FOR PLAINTIFF'S | ) | Case No. |
| STATE AND LOCAL LAW CLAIMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Jury Demanded** |
| BLOCKS 24 HR CHILDCARE CENTER, INC., | ) | |
| and AISHAH L. FIELDS, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**CLASS ACTION COMPLAINT**

Rosamar Perez ("Plaintiff"), on behalf of herself and all other persons similarly situated, known and unknown, through her attorneys, for her Complaint against Blocks 24 HR Childcare Center, Inc., and Aishah L. Fields, individually (collectively "Defendants") state as follows:

**Nature of the Case**

1.      Plaintiff, Rosamar Perez, alleges and will prove individually and on behalf of herself and other similarly-situated current and former employees of the Defendants that they, under federal, state, and local wage laws, are entitled to receive overtime wages for all hours worked over forty (40) in individual workweeks.

2.      Plaintiff bring her claims as a collective action pursuant to Section 216(b) of the FLSA. *See* Plaintiff's Consent to Represent, attached hereto as Exhibit A. Plaintiff will also seek to certify her state law claims as a class action pursuant to Fed. R. Civ. P. 23(a) and (b).

3.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), Cook County Minimum Wage Ordinance, 42-13 *et seq.*("CCMWO"); and Chicago Minimum Wage Ordinance, Chicago Municipal Code § 1-24-020 *et seq.* ("CMWO") for Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for all hours worked over forty (40) in individual workweeks in violation of the FLSA, the IMWL, CCMWO, and CMWO.

**Jurisdiction and Venue**

4.     This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 arising under 29 U.S.C. § 216(b) known as the Fair Labor Standards Act and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this judicial district as the Plaintiff worked for the Defendants in the Northern District of Illinois and the facts and events giving rise to Plaintiff's claims occurred in this judicial district and as Defendants maintained offices and transacted business within this jurisdiction. 28 U.S.C. §1391(b).

**Parties**

6.     At all relevant times, Plaintiff Rosamar Perez has:

    a.     resided in the state of Illinois and within this judicial district; and,

    b.     been an "employee" and/or "covered employee" of Defendants as defined by the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 105/3(d), the CCMWO, Cook County Ord. No. 16-5768, § 42-8, 10-26-2016, and the CMWO, Chicago Mun. Code § 1-24-010.

7.     During the relevant time period, Defendants are and have been a joint employer:

      a.      Blocks 24 HR. Childcare Center is an Illinois corporation with its principal place of business located at 815 S Oak Park Avenue, Oak Park, Illinois 60304; and,

      b.      Upon and information belief, Aishah L. Fields is the co-owner of the entity referenced above, and,

8.      During the relevant time period, Blocks 24 HR. Childcare Center has:

      a.      been a corporation organized under the laws of the State of Illinois with offices in this judicial district;

      b.      conducted business within this judicial district;

      c.      been an "enterprise engaged in commerce or in the production of good for commerce" within the definitions of §3(r) and §3(s) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§203(r), (s);

      d.      employed employees in commerce within the meaning of §§3(b), 3(I), and 3(j) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§203 (b), (I), (j),

      e.      jointly been Plaintiff's "employer," as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), the CCMWO, Cook County Ord. No. 16-5768, § 42-8, 10-26-2016, and the CMWO, Chicago Mun. Code § 1-24-010.

9.      Defendants operate day care centers at two locations in Cook County:

      a.      813 S Oak Park Avenue, Oak Park, Illinois 60304 ("Oak Park Location");

      and,

      b.      657 S Wells Street, Chicago, Illinois 60607 ("Chicago Location").

10.      Defendants assigned Plaintiff to work at its Chicago Location.

11.      Aishah L. Fields is responsible and is a decision-maker and/or enforcer of the decision to pay Plaintiff and Class via the policies and procedures described herein, thus Aishah L. Fields is personally liable for the owed wages.

## Factual Background

12.      Defendants run and operate day care centers at two locations.

13.     Defendants failed to conspicuously post a notice of employee rights as required under the FLSA, IMWL, CCMWO, and CMWO at their Chicago Location.

14.     Defendants failed to inform Plaintiff of her employee rights under the FLSA, IMWL, CCMWO, and CMWO.

15.     On information and belief, Defendants failed to inform Class of their employee rights under the FLSA, IMWL, CCMWO, and CMWO.

16.     Defendants hired Plaintiff around February 2017 to work at the Chicago location as a staff member whose job responsibilities included, among other things, opening and closing the facility, providing care to children, cleaning the facility, preparing food for the children, answering the telephone and responding to inquiries from parents.

17.     In any given week, Plaintiff worked as few as 40.0 hours and as many as 50.0 hours or more for defendants.

18.     Defendants typically had one shift at each Location, open until close, 7:00 a.m. to 6:00 p.m. While the Chicago Location technically opened at 7:00 a.m., employees had to arrive early, typically 15 minutes early each day, to prepare for the arrival of the children and likewise would be required to stay after close if a child was not picked up timely.

19.     Plaintiff usually worked Monday through Friday each week.

20.     During weeks when Plaintiff worked more than forty hours, she was not paid overtime wages at one and one-half times her regular rate of pay.

21.     On information and belief, Defendants failed to pay Class overtime wages at one and one-half times their regular rate of pay.

22.     Defendants' failure to pay Plaintiff and Class one and a half times their regular rate of pay for all hours worked in excess of 40 hours per week violated the Fair Labor Standards Act of 1938, as amended.

23.     In or about March 2018, Plaintiff's employment with Defendants ended.

## CLASS ALLEGATIONS

24.     Plaintiff will seek to certify the state law claims arising under the IMWL for overtime wages (Count II); those arising under the CCMWO for overtime wages (Count III); and those arising under the CMWO for overtime wages (Count IV) as class claims. Plaintiff will ask the Court to determine the rights of the parties pursuant to those statutes where applicable and to direct the Defendants to account for all time worked and wages paid to the class members during the temporality of the class.

25.     The "Class Period" is defined as any time since June 11, 2015 to the entry of judgment in this case.

26.     Counts II through IV are brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

   a.  The class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed at least 65 employees during the respective Class Period;

   b.  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

      i.  Whether Plaintiff and the Class are Defendants' employees;

5

ii. Whether Defendants failed to pay Plaintiff and the Class the mandated minimum wage for all time worked in individual work weeks during the Class Period;

iii. Whether Defendants failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the Class Period;

c. The class representative and the members of the class have been equally affected by Defendants' failure to pay overtime wages;

d. Members of the class will be reluctant to bring forth claims for unpaid wages for fear of retaliation; and

e. The class representative, class members, and Defendants have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants, and the Court.

27. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**COUNT I**
**Violation of the FLSA – Overtime Wages**
**Plaintiff on behalf of herself and similarly situated employees**
**Section 216(b) Collective Action**

28. Plaintiff incorporates and re-alleges paragraphs 1 through 27 as though set forth herein.

6

29.     This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiff and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

30.     Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

31.     Plaintiff was not exempt from the overtime provisions of the FLSA.

32.     Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

33.     Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

34.     Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

35.     Defendants likewise directed other similarly situated, non-exempt employees to work in excess of forty (40) hours in individual work weeks.

36.     Defendants' failure to pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

37.     Defendants willfully violated the Fair Labor Standards Act of 1938, as amended.

38.     Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiff and the similarly situated employees they seek to represent pray for a judgment against Defendants as follows:

7

A.    That the Court determines that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.    A judgment in the amount of unpaid overtime wages for all time Plaintiff and similarly situated employees of Defendants worked in excess of forty (40) hours in individual work weeks;

C.    A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of forty (40) hours in individual work weeks;

D.    Liquidated damages in the amount equal to the unpaid wages;

E.    That the Court declare the Defendants violated the FLSA;

F.    That the Court enjoin Defendants from continuing to violate the FLSA;

E.    Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F.    Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the IMWL – Overtime Wages**
**Plaintiff on behalf of herself and similarly situated employees**
**Class Action**

39.    Plaintiff incorporates and re-alleges paragraphs 1 through 38 as though set forth herein.

40.    This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff and similarly situated employees the overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

41.    Plaintiff was, at all times for which this Complaint seeks unpaid overtime, an "employee" within the definition of §3(d) of the Illinois Minimum Wage Law. 820 ILCS 105/3(d).

42.    Defendants were, at all times for which this Complaint seeks unpaid overtime, an "employer" within the definition of §3(c) of the Illinois Minimum Wage Law. 820 ILCS 105/3(c).

43.    Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiffs filing this lawsuit.

44.    Plaintiff was not exempt from the overtime provisions of the IMWL.

45. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

46. Defendants did not pay Plaintiff and similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

47. Defendants' failure to pay Plaintiff one and a half times her regular rate of pay for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the IMWL.

48. Plaintiff and members of the class are entitled to recover unpaid wages for the duration of the IMWL Class Period, from three (3) years prior to the filing of the lawsuit up until the entry of judgment on this case.

49. The Class that Plaintiff seek to represent in regard to the overtime claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendants as staff members since June 11, 2015 to the date a final judgment is entered in this matter.

WHEREFORE, Plaintiffs and the Class they seek to represent pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of unpaid overtime wages for Plaintiff and the Class as provided by the IMWL;

C. Statutory damages for Plaintiff and the Class pursuant to the formula set forth in 820 ILCS 105/12(a) (2% of the amount of any such underpayment for each month following the date of payment during which such underpayment remains unpaid);

D. That the Court declare the Defendants violated the IMWL;

E. That the Court enjoin Defendants from violating the IMWL;

F.  Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/12(a), and

G.  Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the CCMWO – Overtime Wages**
**Plaintiff on behalf of herself and similarly situated employees**
**Class Action**

50.  Plaintiff incorporates and re-alleges paragraphs 1 through 49 as though set forth herein.

51.  This Count arises from Defendants' violation of the CCMWO for Defendants' failure to pay Plaintiff and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

52.  Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

53.  Plaintiff was not exempt from the overtime provisions of the CCMWO.

54.  Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

55.  Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

56.  Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the CCMWO.

57.  Defendants likewise directed other similarly situated, non-exempt employees to work in excess of forty (40) hours in individual work weeks.

58.  Defendants' failure to pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the CCMWO.

59.     Defendants willfully violated the CCMWO.

60.     Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the CCMWO was willful.

WHEREFORE, Plaintiff and the similarly situated employees they seek to represent pray for a judgment against Defendants as follows:

A.     That the Court determines that this action may be maintained as a collective action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.     A judgment in the amount of unpaid overtime wages for all time Plaintiff and similarly situated employees of Defendants worked in excess of forty (40) hours in individual work weeks;

C.     A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of forty (40) hours in individual work weeks;

D.     Liquidated damages in the amount equal to twice the unpaid minimum wages;

E.     That the Court declare the Defendants violated the FLSA;

F.     That the Court enjoin Defendants from continuing to violate the FLSA;

G.     Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

H.     Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the CMWO – Overtime Wages**
**Plaintiff on behalf of herself and similarly situated employees**
**Class Action**

61.     Plaintiff incorporates and re-alleges paragraphs 1 through 60 as though set forth herein.

62.     This Count arises from Defendants' violation of the CMWO for Defendants' failure to pay Plaintiff and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

63. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

64. Plaintiff was not exempt from the overtime provisions of the CMWO.

65. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

66. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

67. Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the CMWO.

68. Defendants likewise directed other similarly situated, non-exempt employees to work in excess of forty (40) hours in individual work weeks.

69. Defendants' failure to pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the CMWO.

70. Defendants willfully violated the CMWO.

71. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the CMWO was willful.

WHEREFORE, Plaintiff and the similarly situated employees they seek to represent pray for a judgment against Defendants as follows:

A. That the Court determines that this action may be maintained as a collective action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of unpaid overtime wages for all time Plaintiff and similarly situated employees of Defendants worked in excess of forty (40) hours in individual work weeks;

C.     A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of forty (40) hours in individual work weeks;

D.     Liquidated damages in the amount equal to twice the unpaid minimum wages;

E.     That the Court declare the Defendants violated the CMWO;

F.     That the Court enjoin Defendants from continuing to violate the CMWO;

G.     Reasonable attorneys' fees and costs of this action as provided by the CMWO; and

H.     Such other and further relief as this Court deems appropriate and just.

**Jury Demand**

Plaintiffs hereby respectfully demand a jury trial on all counts.


Dated:  June 11, 2018

Respectfully submitted,

By:    /s/ Bradley S. Levison
One of Plaintiffs' Attorneys

Bradley S. Levison
Choate Herschman Levison, LLC
401 S. LaSalle St., Suite 1302G
Chicago, IL 60605
(312) 870-5800
(312) 674-7421 (fax)
bl@law-chl.com